503 So.2d 791 (1987)
John R. McHUGH, et al, Plaintiffs-Relators,
v.
Jean CHASTANT, et al, Defendants-Respondents.
No. 86-1118.
Court of Appeal of Louisiana, Third Circuit.
March 4, 1987.
*792 Landry, Watkins and Bonin, William O. Bonin, New Iberia, for plaintiffs-relators.
Gachassin Capretz and Hunter (Shepton F. Hunter, Lafayette, Michael W. Campbell, of Caffery, Oubre and Dugas, James W. Schwing, Provosty, Ernest, New Iberia, for defendants-respondents.
Before DOMENGEAUX, FORET and KNOLL, JJ.
FORET, Judge.
This is a tort suit arising out of an automobile accident. John McHugh, the original plaintiff in this suit, filed suit against the alleged tort-feasor, Jean Chastant, her liability insurer, and his own uninsured/underinsured motorist insurance carrier, St. Paul Fire & Marine Insurance Company. Included in plaintiff's petition was an allegation that St. Paul had arbitrarily and capriciously refused to pay plaintiff's claims and, as a result, was liable for penalties and attorney's fees. Subsequent to his filing suit, John McHugh died, and his wife and heirs were substituted as plaintiffs. On June 3, 1986, plaintiffs served on St. Paul a request for production of documents which requested that St. Paul produce its entire file on John McHugh's claim.
Defendant objected to part of plaintiffs' request and motioned the trial court for an extension of time in order to separate discoverable documents from non-discoverable ones. The trial court granted a thirty-day extension on June 18,1986. On August 18, 1986, plaintiffs filed a motion to compel discovery, which the trial court set for a hearing. At the time of the hearing on October 17, 1986, St. Paul had not yet produced any documents, and the trial court denied plaintiffs' motion to compel. Plaintiffs sought supervisory relief. This Court granted writs to decide whether the trial court should have granted relators' motion to compel.
Recently, two writ applications have presented us with similar issues. In Ronald Prejean v. Home Insurance Company, (our docket # 86-483), writ denied by the Louisiana Supreme Court at 494 So.2d 330 (La.1986),[1] we considered the question of whether the claimant in a worker's compensation suit could discover the contents of the file compiled by his employer's worker's compensation carrier. Granting the writ and making it peremptory, we explained:
"The contents of a worker's compensation file are prepared in anticipation of litigation as either party may file suit under LSA-R.S. 23:1311. Accordingly, the trial court's order denying relator's motion to quash and requiring the relator to produce the file for an in camera inspection is overruled. A worker's compensation file may not be discovered without a showing that a denial of production will cause undue hardship, prejudice or injustice."
More recently, however, we denied a worker's compensation insurer's writ application in Lalonde v. Home Insurance Company (our docket # 86-1014). There, the insurer sought relief from the trial court's denial of its motion to quash a subpoena duces tecum which had directed it to produce its entire worker's compensation file. Given these apparently conflicting decisions, and to clarify our position on this matter, we have called up the case now before us for a full consideration.
*793 In the present case, the trial court denied plaintiffs' motion to compel because it found that their request for production was overly broad in that it included documents which were not discoverable because they were either subject to the attorney/client privilege, created in anticipation of litigation, or protected by the opinion work product rule.[2] Although we agree with the trial court that, in all likelihood, part of St. Paul's file will not be discoverable, we find that the trial court should not have denied plaintiffs' motion to compel in toto. In so doing, we reject any suggestion in Prejean that an insurer's file is automatically protected in its entirety as a matter created in anticipation of litigation. An insurer's file is not created in anticipation of litigation simply because it is only compiled after an accident has occurred and, therefore, at a time when litigation must be considered a possibility. It is not the date of a document which controls whether the document is exempt from production as having been prepared in anticipation of litigation, but the content, nature, and purpose of that document. Sonier v. Louisiana Power & Light Co., 272 So.2d 32 (La.App. 1 Cir.1973).
Federal authority, which is persuasive in this area[3] holds that not all documents prepared by an insurance company after a claim has arisen are prepared in anticipation of litigation. APL Corporation v. Aetna Casualty & Surety Co., 91 F.R.D. 10 (D.C.Md.1980); Westhemeco, Ltd. v. New Hampshire Insurance Co., 82 F.R.D. 702 (S.D.N.Y.1979); Thomas Organ Company v. Jadranska Slobodna Plovidba, 54 F.R.D. 367 (N.D.Ill.1972). These courts have recognized that insurers must conduct reviews of the factual data underlying the claim and that the reports, communications, and interoffice memos or memorandums, generated through this process are prepared in the ordinary course of business and are discoverable. As the court in Thomas Organ Company, supra, at 373, observed:
"... the insurer must conduct a review of the factual data underlying the claim, presumably through the talents of agents or employees who summarize the data for middle- or upper-management, the later deciding whether to resist the claim ... The logical absurdity of the plaintiff's position is that, under its theory, the amendments to the discovery rules which were believed to be a liberalization of the scope of discovery would be a foreclosure of discovery of almost all internal documents of insurance companies relating to claims ... they would be relieved of a substantial portion of the obligations of discovery imposed on parties generally that are designed to insure that the fact finding process does not become reduced to gamesmanship that rewards parties for hiding or obscuring potentially significant facts."
In addition, even those portions of defendant insurance company's file which are properly determined to have been prepared in anticipation of litigation are only provided a qualified immunity from discovery. Such materials are, nonetheless, discoverable if the denial of production would unfairly prejudice the party seeking discovery in preparing his claim or would cause him undue hardship or injustice. LSA-C.C.P. art. 1424; Hodges v. Southern Farm Bureau Casualty Insurance Co., supra.
In Hodges, the plaintiff had sued his own insurance company for the way in which it had conducted his defense of an earlier suit. Plaintiff's complaints included, among other things, that the insurance company had failed to settle the earlier suit within policy limits. In Hodges, plaintiff *794 had requested the production of defendant insurance company's entire file. While allowing discovery of a number of documents from the insurer's file, the trial court and, subsequently, the court of appeal denied discovery with respect to two sets of documents. On writ of review, the Supreme Court ordered the production of these documents. The court held that although these documents were prepared in anticipation of litigation, their non-production would have unfairly prejudiced the plaintiff. The court pointed out that plaintiff's "excess judgment" suit concerned the activities of Louisiana Farm Bureau during the defense of plaintiff and that the documents which plaintiff sought represented a record of those actions without which plaintiff would be unable to effectively present his case. The court pointed out that the plaintiff could not obtain the substantial equivalent of these documents by other means. In this regard, the court specifically noted that the accuracy of the materials could not be duplicated by depositions of the insurance company's officers, who would have to rely on their memory.
The same considerations which controlled in Hodges are present in the case now before us. Plaintiffs' claim against St. Paul brings into question the insurer's actions in evaluating plaintiffs' claim. The file which plaintiffs seek to discover represents a record, perhaps the only record, of those actions. For the most part, plaintiffs will be unable to obtain the substantial equivalent of the documents contained in the file. As a result, we anticipate that there will be documents in the file that, although prepared in anticipation of litigation, will be discoverable since denial of their production would unfairly prejudice plaintiffs in preparing their claim or would cause them undue hardship or injustice.
In the present case, part of St. Paul's file will be subject to discovery while part of it will be protected. In Federal courts, when the production of an insurer's file is requested, an in camera investigation is made by the trial court to determine what parts of the file are subject to discovery. Joyner v. Continental Insurance Companies, 101 F.R.D. 414 (S.D.Ga.1983); Carver v. Allstate Insurance Co., 94 F.R.D. 131 (S.D. Ga.1982); see also Hodges, supra. We think this procedure is appropriate in the present case. The trial court should not have issued a blanket denial of plaintiffs' request for production, especially given St. Paul's actions regarding this request. As we noted above, following plaintiffs' request for production of the file, St. Paul moved the court for an additional thirty days to respond to the request in order to separate discoverable documents from non-discoverable ones. Despite this tacit recognition that some of the documents requested were discoverable and its tacit representation that it was prepared to produce these documents, defendant insurance company failed to produce any documents by the time of the hearing on October 17, 1986, some four months after its request for an extension of time. Under the circumstances, the trial court should order St. Paul to produce the requested documents. Those documents that St. Paul contends are not subject to discovery must be examined in camera to determine if they are immune from discovery.

DECREE
For the foregoing reasons, the ruling of the trial court denying plaintiffs' motion to compel is reversed. This case is remanded to the trial court for actions consistent with this opinion. Costs of this appeal are assessed against St. Paul Fire & Marine Insurance Company. Costs at the trial level shall await final disposition of this matter.
REVERSED AND REMANDED.
NOTES
[1] Our decisions on denials of writ applications, or where we grant the writ with a peremptory disposition, are not reported to West Publishing Company. On the other hand, the Louisiana Supreme Court apparently does report its writ dispositions to West. In this connection, it is highly interesting that the Supreme Court denied a writ in Prejean by a 4-3 vote, with Dixon, C.J., Calogero and Dennis, JJ., voting to grant the writ.
[2] The trial court did not question the relevancy of the contents of the insurer's file. In a suit of this kind, where the insured is suing his own insurer, the actions and reasonableness of the insurer are a prominent issue in the case. See McDill v. Utica Mutual Insurance Co., 475 So.2d 1085 (La.1985). The contents of the insurer's file is relevant to this issue. Such would not be the case if plaintiff were not suing his own insurance company for its breach of the statutory duty owed to its insured.
[3] Since Louisiana's discovery rules are patterned after the Federal rules of discovery, Federal authority is persuasive. Hodges v. Southern Farm Bureau Casualty Insurance Co., 433 So.2d 125 (La.1983).