550 So.2d 1306 (1989)
CANTRELLE FENCE AND SUPPLY CO., INC., Carol Cantrelle, Norma K. Cantrelle, Wanda Cantrelle Romero, and Charmaine Cantrelle Chaisson, Individually and as Natural Tutrix of the Minor Chrystal Chaisson
v.
ALLSTATE INSURANCE COMPANY.
No. CW 88 1606.
Court of Appeal of Louisiana, First Circuit.
October 11, 1989.
Rehearing Denied November 17, 1989.
*1307 Keith M. Whipple, Houma, for plaintiff and appellantCantrelle Fence & Supply Co. et al.
David J. Norman, III, Houma, for defendant and appellantAllstate Ins. Co.
Before LOTTINGER, CRAIN and LeBLANC, JJ.
CRAIN, Judge.
We granted this supervisory writ to consider the trial court's decision as to whether certain records are discoverable, and the denial of an exception raising the objection of prescription.

FACTS
The plaintiffs were involved in an automobile accident on March 27, 1983. The plaintiffs brought suit against the other driver involved in the accident, his liability carrier and Allstate, the plaintiff's U.M. insurer. The plaintiffs prevailed at trial and subsequently brought this action on July 11, 1985 against Allstate seeking attorney's fees and penalties pursuant to La. R.S. 22:658.
Allstate filed an exception urging that the action had prescribed. This exception was denied by the trial court. Allstate then filed an exception urging that the plaintiffs had divided their cause of action. The Louisiana Supreme Court held that the plaintiffs could maintain a subsequent separate suit for penalties and attorney fees. Cantrelle Fence and Supply Company, Inc. v. Allstate Insurance Company, 515 So.2d 1074 (La.1987). Allstate then re-urged the exception of prescription. The exception was again denied by the trial court.
The plaintiffs filed a notice of deposition and a subpoena duces tecum seeking Allstate's entire file. Allstate filed a motion for a protective order and a motion to quash. The court ordered an "in camera" inspection of the files. After inspecting the files, the court ordered some of the documents withheld from the plaintiffs and some turned over to them.
Allstate applied for supervisory writs to this court regarding the discoverability of its file documents. The plaintiffs applied for supervisory writs to this court regarding the discoverability of those documents to which they were denied access by the trial court. Allstate additionally applied for supervisory writs to review the denial of the exception raising the objection of prescription. We decided to review both issues.

PRESCRIPTION
Allstate contends that the action prescribed two years from the date of the accident under La.R.S. 9:5629. The plaintiffs contend that the claim for attorneys fees and penalties pursuant to La.R.S. 22:658 would fall within the 10 year prescriptive period of La.C.C. art. 3499[1] or, in the alternative, that the filing of the original suit would interrupt prescription as to the suit for penalties and attorney's fees.
La.R.S. 9:5629 states:
Actions for the recovery of damages sustained in motor vehicle accidents brought pursuant to uninsured motorist provisions in motor vehicle insurance policies are prescribed by two years reckoning from the date of the accident in which the damage was sustained.
By its wording La.C.C. art. 3499 will not apply if a different prescriptive period is provided by legislation. Consequently, a determination must be made of the applicability of La.R.S. 9:5629 to an action brought pursuant to La.R.S. 22:658.
A claim for penalties and attorney fees (damages) under La.R.S. 22:658 is a separate grounds or theory of recovery *1308 from the uninsured motorist coverage. Cantrelle Fence and Supply Company, Inc. v. Allstate Insurance Company, 515 So.2d at 1078. By its wording La.R.S. 9:5629 applies to actions for the recovery of damages 1) sustained in motor vehicle accidents brought 2) pursuant to uninsured motorist provisions in motor vehicle insurance policies. The wording "sustained in" precludes applicability to the present situation. Penalties and attorney fees are not sustained in the motor vehicle accident, but derive instead from penalty provisions for arbitrary and capricious failure to pay a claim that has been presented to the insurer and is due. The legislature could have worded the statute to extend the prescriptive period of La.R.S. 9:5629 to La.R.S. 22:658 actions by the use of wording such as "damages as a result of motor vehicle accidents" but they did not do so. We do not have the authority to disregard the clear wording of the statute.
The present action involves an obligation arising out of the penalty statute, La.R.S. 22:658, which is separate and distinct from the obligation arising out of the contractual relationship under the insurance policy. Cantrelle, 515 So.2d at 1079. By its wording, La.R.S. 9:5629 restricts its ambit to actions "brought pursuant to provisions in motor vehicle insurance policies". The present action is not an action brought pursuant to an uninsured motorist provision in a motor vehicle insurance policy. It is a penalty provision separate from the provisions in the motor vehicle insurance.
Additionally, application of the prescriptive period of 9:5629, which begins at the date of the accident, would create the situation where the prescriptive period starts before the conduct which gives rise to the cause of action under La.R.S. 22:658. La. R.S. 22:658 requires that the insurer be given sixty days from receipt of satisfactory proof of loss within which to pay the amount of the claim due. If we applied La.R.S. 9:5629, the prescriptive period would begin to run from the date of the accident. However, the cause of action for penalties and attorney fees would not accrue until the insurer failed to pay in accordance with La.R.S. 22:658. It would then be technically possible for the claim to prescribe before the cause of action ever accrued. As stated in comments (b) under La.C.C. art. 3495,
Liberative prescription begins to run as soon as the action accrues, or, as Pothier said `the day on which the creditor could institute his demand'. It cannot commence sooner, because the time given for prescription should be a time during which the action can be exercised, and one cannot reproach the creditor for not having acted at a time when he did not have the right to do so. Otherwise, it could happen that the right would be lost before it could be exercised, which would be as unjust as absurd. (Cass, Civ., 11 Dec. 1918, D. 1923.1.96, P. and S. 1921.1.161).
We find the prescriptive period of La.R.S. 9:5629 inapplicable to an action for penalties and attorney's fees pursuant to La.R.S. 22:658. Finding no other prescriptive period specifically established for La. R.S. 22:658 actions, we apply the prescriptive period of 10 years, established by La. C.C. art. 3499. Since the trial court refused to apply the two year prescriptive period of La.R.S. 9:5629, we find no error in the trial court's judgment.

DISCOVERY
The plaintiffs sought, by subpoena duces tecum, the entire file of Allstate in regards to the underlying suit. The trial court ordered an in camera inspection of the files and declared that some of the files should be turned over to the plaintiffs, and some withheld. The plaintiffs have applied for writs regarding the materials withheld as not discoverable and the defendants have applied for writs regarding the discoverability of any of its files.
As stated by the Louisiana Supreme Court in Hodges v. Southern Farm Bureau Casualty Insurance Company, 433 So.2d 125, 129 (La.1983):
*1309 The basic objectives of the Louisiana discovery process are (1) to afford all parties a fair opportunity to obtain facts pertinent to the litigation, (2) to discover the true facts and compel disclosure of these facts wherever they may be found, (3) to assist litigants in preparing their cases for trial, (4) to narrow and clarify the basic issues between the parties, and (5) to facilitate and expedite the legal process by encouraging settlement or abandonment of less than meritorious claims.... The discovery statutes are to be liberally and broadly construed to achieve its intended objectives. (citations omitted)
Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. La.C.C.P. art. 1422.
La.C.C.P. art. 1424 states in part:
The court shall not order the production or inspection of any writing obtained or prepared by the adverse party, his attorney, surety, indemnitor, expert, or agent in anticipation of litigation or in preparation for trial unless satisfied that denial of production or inspection will unfairly prejudice the party seeking the production or inspection in preparing his claim or defense or will cause him undue hardship or injustice. The court shall not order the production or inspection of any part of the writing that reflects the mental impressions, conclusions, opinions, or theories of an attorney or an expert.

RELEVANCE
The pending action is for the arbitrary and capricious refusal of Allstate to pay the claim due under their uninsured motorist contract with the plaintiffs. Any document which reflects the knowledge of the claim due and actions or inactions taken or discussed by Allstate or its attorney during the pendency of the suit for damages would be relevant to the subject matter of the action for arbitrary and capricious refusal to pay a claim due.
The trial court determined that some of the documents should be withheld from inspection by the plaintiffs because they were not pertinent in any respect to the present action. "Pertinent" equates to "relevancy" according to Black's Law Dictionary 1030 (5th ed. 1979). The trial court held that some of the documents should be released for inspection by the plaintiffs.
We first reviewed the documents to be withheld from the plaintiff's inspection and agree with the trial court's determination. They are not relevant to the presented proceedings inasmuch as they do not refer to the suit below or were drafted after judgment below in contemplation of an appeal of the judgment.
The trial court further determined that some of the documents below were relevant to the proceedings below and held that these documents are to be presented to the plaintiffs for inspection. We have inspected these documents and hold that documents numbered C-2, B-51 and A-34 are not relevant to the proceedings below and are therefore not subject to discovery.[2] As to the rest of the documents in this group we find that they are relevant.
Allstate argues that, even if the documents are relevant, they are privileged or prepared in anticipation of litigation and, therefore, not discoverable.
Allstate does not seriously argue that the documents are subject to the attorney client privilege and after reviewing the documents, we find that they are not privileged communications between the attorney and client.
Allstate contends that the entire file is prepared in anticipation of litigation and *1310 therefore not discoverable. This argument was rejected by the court in McHugh v. Chastant, 503 So.2d 791 (La.App. 3d Cir. 1987).
In Hodges, the Louisiana Supreme Court held that an insured was entitled to discovery as to the files of his insurer in an action for an excess judgment that was rendered against him. The court in Hodges stated that:
The two sets of undisclosed documents are important to Hodges in establishing his claim, for they represent a record of those actions taken by the insurer in connection with the Nichols [v. Hodges, 385 So.2d 298 (La.App. 1st Cir.1980)] suit. Without these materials, Hodges would be unable to effectively present his case. Moreover, he cannot obtain the substantial equivalent of these documents by other means. The accuracy of the materials cannot be duplicated by depositions of the insurer's officers or its attorney who must rely upon their memory. 433 So.2d at 131.
McHugh extended the Hodges rationale to an action by an insured against his UM insurer for arbitrary and capricious failure to pay a claim due. The court stated:
The same considerations which controlled in Hodges are present in the case now before us. Plaintiffs' claim against St. Paul brings into question the insurer's actions in evaluating plaintiffs' claim. The file which plaintiffs seek to discover represents a record, perhaps the only record, of those actions. For the most part, plaintiffs will be unable to obtain the substantial equivalent of the documents contained in the file. As a result, we anticipate that there will be documents in the file that, although prepared in anticipation of litigation, will be discoverable since denial of their production would unfairly prejudice plaintiffs in preparing their claim or would cause them undue hardship or injustice. 503 So.2d at 794.
Although some of the documents appear to have been drafted in anticipation of litigation, they involve the discussion of the claim against Allstate and the failure to pay. The plaintiffs would be unable to obtain this information elsewhere, and if deprived of it, would be unable to adequately prepare their case. The McHugh court remanded the files to the trial court for an in camera inspection and determination of the discovery of each of the documents. In the present case, the trial court has made such an inspection and determination. We find no error in the trial court's determination.
The judgment of the trial court as to the discoverability of the documents is affirmed except as to documents # C-2, B-51 and A-34, which we have determined are not relevant to the present action.
The judgment of the trial court overruling the exception raising the objection of prescription is affirmed and the matter is remanded for further proceedings. All costs are assessed equally against both parties.
AFFIRMED IN PART, AMENDED IN PART, AND REMANDED.
LOTTINGER, J., concurs.
NOTES
[1] La.C.C. art. 3499 states:

Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years.
[2] Exhibit C-2 was a report drafted after the trial judgment requesting authorization to pay. Exhibits B-51 and A-34 were reports written after trial discussing the actions taken by the trial court in contemplation of appealing the trial judgment. They do not mention any prior action or deliberation on the part of Allstate.