SCHOTT, Chief Judge.
We granted certiorari in order to consider whether the trial court’s denial of relator’s motion to compel production of documents was valid.
Relator is the plaintiff in a personal injury suit. Respondent is his uninsured motorist (UM) carrier. Plaintiff seeks to recover penalties and attorney fees for respondent’s arbitrary and unreasonable refusal to pay his claim. He sought a blanket inspection of the files maintained by respondent’s attorneys and claims person *1138 nel. The trial court conducted an in camera inspection of the files and denied relator’s motion on the ground that the documents were privileged.
Relator applied to this court for supervisory writs as to three different types of documents, one being letters from the attorney to the client, the second being other memoranda and correspondence in the attorney’s and adjuster’s files, and the third being correspondence and documents concerning the attorney’s bills and charges to the client. This writ application was previously denied as to those documents contained in categories one and three, but was granted with respect to category two in order to enable this court to conduct an in camera examination of the documents. Having done so we affirm the judgment of the trial court.
The court shall not order the production of a document prepared by an agent or attorney for the adverse party in anticipation of litigation or preparation for trial unless satisfied that denial of production will unfairly prejudice the party seeking production in preparing his claim or will cause him undue hardship or injustice. C.C.P. art. 1424. In seeking to discover the documents at issue relator relies on a trilogy of cases, Cantrelle Fence & Supply v. Allstate Insurance Company, 550 So.2d 1306 (La.App. 1st Cir.1989); McHugh v. Chastant, 503 So.2d 791 (La.App.3rd Cir.1987); and Hodges v. Southern Farm Bureau Casualty Insurance Company, 433 So.2d 125 (La.1983). The Cantrelle and McHugh cases both involved claims by insureds against their UM carriers and both cases held that the plaintiffs were entitled to blanket discovery of the files maintained by the attorneys for the carriers in connection with the litigation. Consequently these cases do support relator’s position. We are not bound to follow these cases and have concluded, with respect, that those courts reached incorrect results primarily because they erroneously applied the Hodges case to their own cases.
In Hodges the issue was whether the insurer had wrongfully failed to settle a claim against its insured within the policy limits thereby causing the insured to be cast in damages in excess of the coverage. The same attorney represented both the insured and his insurer so that the documents sought to be discovered by the insured were his own attorney’s file on the handling of the claim against him. The article 1424 privilege is not designed to allow an attorney to avoid inspection of his file by his own client, it is designed to permit discovery by an adverse party in the proceedings between the party seeking discovery and the party against whom discovery is sought.
Apparent from the language of the court in McHugh at page 794 adopted by the court in Cantrelle at page 1310 is that these courts not only misapplied Hodges but also extended Hodges to the point of presuming that “there will be documents in the [UM insurer’s] file that, although prepared in anticipation of litigation, will be discoverable since denial of their production would unfairly prejudice plaintiffs in preparing their claim or would cause them undue hardship or injustice.”
This approach seems to be inconsistent with Broussard v. State Farm Mutual Automobile Insurance Company, 519 So.2d 136 (La.1988). Unfortunately, that was only a per curiam memorandum opinion in connection with a peremptory writ of mandamus, but it contains this clear proclamation:
“Blanket production of the attorney’s and insurer’s files is not permitted.”
This is precisely what the McHugh and Cantrelle courts permitted and what relator seeks in this case.
Additionally, the Broussard per curiam places the burden on relator to identify the documents or types of documents he seeks and to make the showing of unfair prejudice and undue hardship or injustice as a condition of obtaining discovery as required by C.C.P. art. 1422. In McHugh and Can-trelle the courts gave the plaintiffs the benefit of a presumption of unfair prejudice, undue hardship, or injustice in the absence of production. Relator is not entitled to such a presumption and has failed *1139 to carry his burden of proof under Brous-sard. We are not persuaded that relator will suffer any great disadvantage or hardship without having access to respondent’s files. If he establishes at trial his entitlement to UM benefits and respondent’s refusal to comply with its contractual obligation to pay, it would be incumbent upon respondent to explain why it failed to meet its obligation. At this point relator would have a clear right to in court production of respondent’s files for cross examination and impeachment purposes.
Accordingly, the judgment of the trial court denying relator’s motion to compel production is affirmed.
AFFIRMED.