| iPLOTKIN, Judge,
dissenting with written reasons:
I respectfully dissent from the majority decision reversing the trial court judgment compelling the production of a recorded statement given by the defendant tortfea-sor/employee to an agent of his defendant self-insured employer on the day of the accident, as well as a report made by him within days of the accident and mailed to his employer.
The defendants claim and the majority holds that the statement and report are protected from discovery by the attorney work-product rule established by La. C.C.P. art. 1424, which protects materials prepared in anticipation of litigation or in preparation for trial from discovery. For the reasons that follow, I believe that the attorney work-product rule is not intended to protect the statement and report sought by the plaintiffs in the instant case from discovery. Thus, I would find that the trial court properly ordered the defendants to produce the documents.
Generally, the articles governing discovery in Louisiana’s Code of Civil Procedure evidence an intent to allow broad discovery of information possessed by adverse parties. The scope of discovery is defined by La. C.C.P. art. 1422 as follows:
Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is no ground for objection that the information sought will be 12inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
Despite that broad general provision, some things are excepted from discovery. La. C.C.P. art. 1424, which establishes the “attorney work-product rule,” generally prohibits courts from ordering “the production or inspection of any writing obtained or prepared by the adverse party, his attorney, surety, indemnitor, expert, or agent in anticipation of litigation or in preparation for trial.” However, that prohibition does not apply when the court is “satisfied that denial of production or inspection will unfairly prejudice the party seeking the production or inspection in preparing his claim or defense or will cause him undue hardship or injustice.” The purposes of the work-product rule are both to provide an attorney a “zone of privacy” within which he is free to evaluate and prepare his case without scrutiny by his adversary and to assist clients in obtaining complete legal advice. Hodges v. Southern Farm Bureau Casualty Insurance Co., 433 So.2d 125, 131-32 (La.1983). Moreover, the privilege created by the work-produet doctrine is qualified, not absolute. Hodges, 433 So.2d at 131.
Discovery statutes should be liberally construed to achieve their purpose. Hodges v. Southern Farm Bureau Casualty Insurance Co., 433 So.2d 125 (La.1983). Thus, they should be liberally construed to allow discovery whenever possible. Chesson v. Hungerford, 228 So.2d 332, 335 (La.App. 3d Cir. 1969). Therefore, the party seeking to avoid discovery of documents on the grounds that they were prepared or obtained in anticipation of litigation or in preparation for trial bears the burden of proving that the exception applies. Ogea v. Jacobs, 344 So.2d 953, 955 (La.1977); Sonier v. Louisiana Power & Light Co., 272 So.2d 32, 35-36 (La.App. 1st Cir.1973). Louisiana courts have developed the following two-part inquiry for determining whether a writing should be excepted from discovery under the attorney work-product rule: (1) Were the articles ^obtained or prepared in anticipation of litigation or in *746 preparation for trial? and (2) will the party seeking production be unfairly prejudiced or subject to undue hardship or injustice by denial of the discovery request? Smith v. Travelers Insurance Co., 418 So.2d 689, 691 (La.App. 4th Cir.1982), rev’d on other grounds, 430 So.2d 55 (La.1983).
In the instant case, clearly neither the statement nor the report sought by the plaintiffs was prepared by the defendants’ attorneys- or investigators in anticipation of litigation or in preparation for trial. In fact, the statement and report sought by plaintiffs were prepared by the defendant tortfea-sor/employee himself at the request of his self-insured employer almost contemporaneously with the accident, long before suit was ever filed in the matter. Statements given to employers are not presumed to be covered by the attorney work-product rule in the same way as statements given to attorneys and investigators. The majority correctly notes that the party who prepared the statement and the report is an adverse party. However, the first question established by Smith to be asked in determining whether a document should be protected from discovery under La. C.C.P. art. 1424 itself involves to questions: (1) Were the items sought to be discovered obtained or prepared by the adverse party, his attorney, surety, indemnitor, expert, or agent? and (2) Were they prepared in anticipation of litigation? In the instant case, the answer to the first questions is ‘Tes.” But, the answer to the second question is “No.” Thus, La. C.C.P. art. 1424 does not protect the documents from discovery.
The record is unclear concerning the exact reasons the defendants had for preparing the statement and the report. However, it is certainly customary for employees to prepare statements and reports to inform their employers about incidents which occur while the employee is performing his employment duties. Typically, one reason for taking such a report is to document the incident as a Uprecautionary measure in the event litigation should result. However, that fact alone does not automatically transform such reports into documents “prepared in anticipation of litigation,” as the majority holds, especially when no attorney or investigator is involved in the preparation of the report.
Moreover, the fact that the employer is self-insured does not automatically transform the statement and report into writings prepared in anticipation of litigation for purposes of La. C.C.P. art. 1424. It is well settled that an insurer’s file is not “automatically protected from discovery in its entirety as a matter created in anticipation of litigation.” McHugh v. Chastant, 503 So.2d 791, 793 (La.App. 3d Cir.1987). In McHugh, the court stated as follows:
An insurer’s file is not created in anticipation of litigation simply because it is only compiled after an accident has occurred and, therefore, at a time when litigation must be considered a possibility. It is not the date of the document which controls whether the document is exempt from production as having been prepared in anticipation of litigation, but the content, nature, and purpose of that document. Sonier v. Louisiana Power & Light Co., 272 So.2d 32 (La.App. 1st Cir.1973).
Federal authority, which is persuasive in this area holds that not all documents prepared by an insurance company after a claim has arisen are prepared in anticipation of litigation. These courts have recognized that insurers must conduct reviews of the factual data underlying the claim and that the reports, communications, and interoffice memos or memorandums, generated through this process are prepared in the ordinary course of business and are discoverable.
Id. (Some citations omitted.) Thus, I would find that the defendants in the instant case failed to carry their burden of proving that the statement and report sought by the plaintiffs are protected from discovery under the attorney work-product rule. The record is devoid of any evidence to indicate that the statement and report were prepared in anticipation of litigation rather than in the “ordinary course of business.”
IsEven assuming that the defendants did fulfill their burden of proving that the statement and report are protected by the attorney work-product rule, I would still find that the trial court correctly ordered production *747 of the documents. Once the party from whom discovery is sought establishes that documents sought were obtained or prepared in anticipation of litigation or in preparation for trial, the party seeking the discovery has to prove two things: (1) that he has a substantial need for the materials in the preparation of his ease, and (2) that he is unable to obtain a substantial equivalent of the materials by other means without undue hardship. Ogea, 344 So.2d at 957. See also Hodges, 433 So.2d 125; Katz v. Allied Van Lines, 431 So.2d 1099 (La.App. 4th Cir.1983); Sonier, 272 So.2d 32.
Generally, statements of witnesses taken by an attorney or investigator hired to conduct an investigation of the incident are considered to have been taken “in anticipation of litigation,” and thus are protected from discovery in the absence of a showing by the party seeking discovery that he is unable to obtain the substantial equivalent of the statements by any other means without due hardship. However, in the instant case, as noted above, the statements were not taken by either an attorney or an investigator. Moreover, statements taken within hours of the incident have been excepted from the general rule, even when they were taken by attorneys or investigators, because the movant is often deemed' “completely unable to obtain their substantial equivalent.” See Hamilton v. Canal Barge Co., 395 F.Supp. 975, 978 (E.D.La.1974). See also Ogea, 344 So.2d 953.
I believe that the plaintiffs have carried their burden of proving that production of the documents sought in the instant case is required because they are unable to obtain “their substantial equivalent.” See Hamilton v. Canal Barge Co., 395 F.Supp. at 978; Ogea, 344 So.2d 953. The majority seeks to distinguish the Ogea ease on the basis of its facts, without considering the spirit of the decision, bwhich is grounded in the fact that discovery is designed to balance inequities. Certainly the plaintiffs are prejudiced by the inability to obtain a statement and report made by the defendant tortfeasor almost contemporaneously with the incident. The documents represent an invaluable source of information concerning the tortfeasor’s impression of the events surrounding the accident.
Moreover, I believe that the statement and report sought by the plaintiffs in the instant case are exactly the type of documents which should be discoverable because they qualify as spontaneous statements which should be compared to later statements for inconsistencies and fabrications. The policy reasons for Louisiana’s liberal discovery rules are modeled on the federal rules, which are designed to promote discovery of contemporaneous statements. Such a spontaneous statement made almost contemporaneously with an event is reliable and trustworthy to the degree it is generally made without consulting with counsel, which enhances the statement’s reliability and accuracy.
Finally, protecting the statement and report sought by the plaintiffs in this case does not serve either of the purposes of the work-product rule established by Hodges, which are to provide an attorney a “zone of privacy” within which he is free to evaluate and prepare his ease without scrutiny by his adversary and to assist clients in obtaining complete legal advice. 433 So.2d 125. No attorney was involved in the preparation of either the statement or the report in the instant case. Moreover, allowing discovery would have no effect on anyone’s ability to obtain legal advice. Prohibiting discovery in the instant case is contrary to the requirement that discovery rules be liberally construed to allow discovery whenever possible. Under the circumstances, the trial court judgment compelling production of the documents is not an abuse of discretion. Thus, I would affirm the trial court order compelling production of the materials.
^Moreover, La. C.C.P. art. 1469 allows a trial court to require a party or attorney whose conduct necessitates a motion to compel discovery to pay the reasonable expenses of the moving party, including attorney fees. The defendants’ argument that the trial court improperly imposed sanctions because no previous court order was violated has no merit. I would find no abuse of discretion in that portion of the trial court’s judgment.