# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-492


**KELLY VINCENT, ET AL.**

**VERSUS**

**DS SERVICES OF AMERICA, INC., ET AL.**



\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 2016-10101
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## SHANNON J. GREMILLION
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.


**AFFIRMED.**

**Thomas J. Eppling**
**Corey P. Parenton**
**David C. Bernard**
**Staines & Eppling**
**3500 N. Causeway Blvd., Suite 820**
**Metairie, LA 70002**
**(504) 838-0019**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **DS Services of America, Inc.**
    **Tomas U. Gilmore**
    **Safety National Casualty Corporation**

**Terry L. Rowe**
**Attorney at Law**
**P. O. Box 3323**
**Lafayette, LA 70502**
**(337) 232-4744**
**COUNSEL FOR APPELLEE:**
    **State Farm Mutual Automobile Insurance Company**

**Joseph Frazer Gaar, Jr.**
**Jacob H. Hargett**
**Lucas S. Colligan**
**Law Offices of Joseph F. Gaar**
**P. O. Drawer 2069**
**Lafayette, LA 70502-2053**
**(337) 233-3185**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Kelly Vincent**
    **Collin Vincent**
    **Maci Vincent**

**Jason M. Welborn**
**Attorney at Law**
**617 South Buchanan Street**
**Lafayette, LA 70501**
**(337) 233-3185**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Kelly Vincent**
    **Colin Vincent**
    **Maci Vincent**

**GREMILLION, Judge.**

Plaintiffs were involved in a motor vehicle accident with a truck owned by DS Services of America, Inc., which was driven by Tomas Gilmore and insured by Safety National Casualty Corporation (collectively Defendants). Plaintiffs also filed a property claim against their automobile liability policy insurer, State Farm Mutual Automobile Insurance Company (State Farm), but State Farm is not a party to this litigation. Defendants issued a subpoena duces tecum to State Farm seeking its claim file and other information about Plaintiffs' claims history. State Farm filed a Motion to Quash and voluntarily produced a police report, submissions for property damage repair, a State Farm internal property damage estimate, and photographs, but declined to produce recorded statements or claims notes, asserting attorney-client privilege and that the documents were prepared in anticipation of litigation.

The trial court granted the Motion to Quash in part and denied it in part, ordering the production of a recorded witness statement. Defendants allege the trial court erred in failing to require State Farm to produce the remaining documents, specifically Plaintiffs' claims history, claims notes, and recorded statements. Defendants assign as error:

1. The trial court failed to follow clear Third Circuit jurisprudence regarding the production of claims files when it erred in finding that State Farm's claims file, including, but not limited to, the recorded statements of Plaintiffs and the adjuster's claims notes pertaining to this accident, was protected from discovery, and

2. The trial court erred in granting in part State Farm's Motion to Quash.

# DISCUSSION

A trial court's regulation of pre-trial discovery is afforded broad discretion and will not be reversed in the absence of a clear abuse of discretion. *Moak v. Illinois Cent. R.R. Co.*, 93-783 (La. 1/14/94), 631 So.2d 401. The discovery statutes are to be construed "liberally and broadly." *Id.* at 403.

Louisiana Code of Civil Procedure Article 1422 provides:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The law addressing materials prepared in anticipation of litigation is found in La.Code Civ.P. art. 1424(A), which states:

> The court shall not order the production or inspection of any writing, or electronically stored information, obtained or prepared by the adverse party, his attorney, surety, indemnitor, or agent in anticipation of litigation or in preparation for trial unless satisfied that denial of production or inspection will unfairly prejudice the party seeking the production or inspection in preparing his claim or defense or will cause him under hardship or injustice. Except as otherwise provided in Article 1425(E)(1), the court shall not order the production or inspection of any part of the writing, or electronically stored information, that reflects the mental impressions, conclusions, opinions, or theories of an attorney.

In order for documents to be subject to discovery, they must be relevant, and if prepared in anticipation of litigation, then they may only be discovered if their non-production would unfairly prejudice the party requesting them. *Hodges v. Southern Farm Bureau Cas. Ins. Co.*, 433 So.2d 125 (La.1983).

2

Defendants argue that a claims file is not protected by a blanket exclusion, and they agreed to redact any attorney-client work product. They argue that there was no privileged information because an attorney was not obtained by State Farm until after the subpoena was issued. Defendants argue that they seek "only the records that reflect what Plaintiffs told and/or submitted to State Farm regarding the subject accident, as well as whether they have previously made any claims for personal injury or property damage and the records related thereto." Defendants argue that entire claims files (save for portions that are protected under the attorney-client privilege) are discoverable, as they are prepared in the ordinary course of business. In brief, Defendants argue that they will be unfairly prejudiced if their discovery request is denied because they will be unable to retrieve these "contemporaneous recording and/or notations of Plaintiffs by any other means."

State Farm argues that all of its files are prepared in anticipation of litigation; Defendants did not show any unfair prejudice; Defendants did not provide good cause required for production from a non-party; and that blanket production of an insurer claims file is prohibited.

The trial court conducted an in-camera inspection of the claims file. The trial court in its judgment stated: "[T]he only material subject to production in the claim file which has not already been disclosed by counsel, is the Statement of Rachel Bellard taken on February 10, 2016. The remainder of the claim file is not subject to production to D.S. Services of America, Inc." [1]

In *McHugh v. Chastant*, 503 So.2d 791 (La.App. 3 Cir. 1987), the plaintiff sought an entire case file in order to pursue his claim of arbitrary and capricious conduct against St. Paul Fire & Marine Insurance Company, his UM insurance

---

[1] Bellard witnessed the accident.

carrier. The trial court denied the plaintiff's request in its entirety. On appeal, a blanket exclusion of a case file was rejected:

> [W]e reject any suggestion in *Prejean* that an insurer's file is automatically protected in its entirety as a matter created in anticipation of litigation. An insurer's file is not created in anticipation of litigation simply because it is only compiled after an accident has occurred and, therefore, at a time when litigation must be considered a possibility. It is not the date of a document which controls whether the document is exempt from production as having been prepared in anticipation of litigation, *but the content, nature, and purpose of that document.*
>
> Federal authority, which is persuasive in this area holds that not all documents prepared by an insurance company after a claim has arisen are prepared in anticipation of litigation. These courts have recognized that insurers must conduct reviews of the factual data underlying the claim and that the reports, communications, and interoffice memos or memorandums, generated through this process are prepared in the ordinary course of business and are discoverable.

*Id.* at 793 (Emphasis added) (Citations omitted). *See also Fuqua v. Aetna Cas. And Sur. Co.*, 542 So.2d 1129 (La.App. 3 Cir.), *writ denied*, 548 So.2d 310 (La.1989); *Cantrelle Fence and Supply Co. Inc. v. Allstate Ins. Co.,* 550 So.2d 1306 (La.App. 1 Cir. 1989), *writ denied*, 559 So.2d 123 (La.1990).

Similarly, we reject Defendants' suggestion that because an attorney was not employed by State Farm until after the request was made, none of the documents were prepared in anticipation of litigation. There is always potential for litigation in the motor-vehicle accident insurance realm, as Defendants are well aware. Nevertheless, we agree with the reasoning of *McHugh* that the particular requested documents must be examined to determine whether they are exempt from production pursuant to the anticipation-of-litigation exception.

Having reviewed the exclusions from production made by the trial court, we find the trial court did not err in excluding Plaintiffs' claims history. There is no suggestion of the relevance of any and every claim filed by Plaintiffs with their

insurer. The trial court, at the conclusion of the hearing, stated there was no relevance to this history, and we find no error in that finding.

Further, we find that that the trial court did not err in excluding Plaintiffs' recorded statements to State Farm and the contemporaneously made notes in the claims file following the accident. The trial court implicitly found that the omitted portion of State Farm's claims files were prepared in anticipation of litigation and that Defendants failed to meet their burden of proving undue hardship.[2] [3] The recorded statements made by Plaintiffs to their insurance company are clearly

_____

[2] At the hearing on the motion, the trial court stated: "Not a chance in the world I'm going to give you what an insured told their insurance company."

Later the following exchange occurred:

[DEFENDANTS' ATTORNEY]: There's no attorney involved here.

THE COURT: I -- I get your point on that. And if we were – if you were the plaintiff in the UM case and you were trying to get Mr. Rowe's file and there was no attorney involved, then he wouldn't have the attorney-client privilege issue. But when his insured is talking to his claimant, claims adjustor, and you now come as someone else wanting to get that what, I think, while it may not be attorney-client privilege, it is certainly a conversation between someone, who I think is in my courtroom – or in my room with me, my insurance company, as opposed to your insurance adjustor calling the plaintiff and saying: Hey, tell me about that story. Well, I'm the plaintiff, even an uneducated plaintiff, I'm saying,: Wait, wait, you're not my insurance company are you? I don't want to talk to you. But if you're my insurance company, I'll tell you all about the weather and everything else. I don't need a lawyer for that.

[DEFENDANTS' ATTORNEY]: All the more reason we want to have it because --

THE COURT: All the more reason why I don't think you're entitled to it --

[3] State Farm's explanation in brief of why this portion of the claim file is prepared in anticipation of litigation is:

By definition, State Farm was either a surety, an indemnitor, or both, by virtue of its obligation to provide security against losses or damages which its insured may become legally obligated to pay. "An insurer is usually either a surety or indemnitor."

For these reasons State Farm submits that its claim files in question, together with any and all statements, notations, mental impressions of its employees and claims representatives contained therein were clearly prepared in anticipation of litigation.

relevant to the extent of the claims being made against Defendants. The issue is whether they are prepared in anticipation of litigation.

The trial court implicitly noted that the discovery of this type of information is customarily deemed off limits. In this case, State Farm offers its insured a defense as needed, and an insured must be able to make certain representations to its own insurance company and claims adjuster by virtue of that relationship that fall within the scope of the protection. This case is distinguished from *McHugh* because the insured is not pursuing a claim against her own insurer. Further, Defendants' requests could be construed as "a fishing expedition pure and simple, which is not allowed." *Sonier v. Louisiana Power & Light Co.*, 272 So.2d 32, 37 (La.App. 1 Cir. 1973).

Pursuant to the law set forth in *McHugh*, we find that the initial phone call made by Plaintiffs in this case to State Farm reporting a loss and the contemporaneous notes made by the claims adjuster were prepared in anticipation of litigation and are not subject to discovery unless an unfair prejudice would result. Defendants failed to prove they would be unfairly prejudiced by the exclusion of this information. We find no error in the portion of the trial court's judgment granting State Farm's Motion to Quash.

## CONCLUSION

The portion of the trial court's judgment granting the Motion to Quash regarding the discovery of Plaintiffs' claims history and of Plaintiffs' recorded initial claim and the adjuster's contemporaneous notes is affirmed. All costs of this appeal are assessed to Defendants/Appellants, DS Services of America, Inc., Safety National Casualty Corporation, and Tomas U. Gilmore.

**AFFIRMED.**