622 So.2d 265 (1993)
Ali ZIDAN
v.
USAA PROPERTY AND CASUALTY INSURANCE COMPANY, Liberty Lloyds Insurance Company.
No. 92 CA 0829.
Court of Appeal of Louisiana, First Circuit.
May 28, 1993.
Rehearing Denied August 4, 1993.
*266 Alfred F. McCalebe, Baton Rouge, for Ali Zidan.
Marvin L. Jeffers, Baton Rouge, for Ali Zidan and Mohammad Rawashdeh.
Brent E. Kinchen, Baton Rouge, for USAA Property and Cas. Ins. Co.
Berit A. Reiss, New Orleans, for Liberty Lloyds Ins. Co.
Before WATKINS, CRAIN and GONZALES, JJ.
CRAIN, Judge.
Ali Zidan was a guest passenger in a motor vehicle driven by Mohammad Rawashdeh when Rawashdeh was involved in an intersectional collision with a vehicle driven by Richard Bengtson. Mr. Zidan was injured as a result of the accident.
The accident occurred on September 17, 1990. Zidan instituted this action against Richard Bengtson; USAA Property and Casualty Insurance Company (USAA), Bengtson's insurer; and Liberty Lloyds Insurance Co. (Liberty Lloyds), Rawashdeh's insurer. The petition was filed on September 18, 1991, a year and a day from the date of injury.[1]
Liberty Lloyds filed a peremptory exception raising the objection of prescription. After a hearing on the matter, the exception was sustained. Zidan appealed[2] assigning as error (1) the sustaining of Liberty Lloyds' objection of prescription and (2) the failure of the trial court "to find the doctrine of `contra non valentem agere non currit prescripto' to be applicable herein based on Liberty Lloyds' denial of insurance coverage as a breach of a legal duty imposed by La.R.S. 22:1220."
Delictual actions are subject to a one year liberative prescription which commences to run from the day of injury. La.C.C. art. 3492. As previously stated, the accident occurred on September 17, 1990. This suit was filed on September 18, 1991, one year and a day from the date of injury. Thus, on its face this action has prescribed.
Plaintiff contends that his action has not prescribed because Liberty Lloyds misrepresented or concealed the fact that coverage existed on Rawashdeh's vehicle. This was in violation of a duty imposed by La. R.S. 22:1220 and violation of such a duty triggers the application of contra non valentem to prevent the running of prescription. Plaintiff's memorandum in opposition to the exception contains three attachments. Attachment A is a letter dated May 13, 1991, responding to plaintiff's inquiry regarding insurance. In the letter *267 Liberty Lloyds stated that it was unable to accept liability for the claim because the endorsement of Mr. Rawashdeh's vehicle to the policy of Gloria Genusa was not effective until October 9, 1990. In Attachment B, an "Excess Letter" from Liberty Lloyds to Ms. Genusa, dated October 4, 1991 (which was after this suit was filed), Liberty Lloyds informed Ms. Genusa that it was in receipt of the instant suit and agreed to defend her "as to the merits of the lawsuit and if the plaintiff establishes liability, we will pay any damages up to $10,000.00 for personal injuries and $10,000 for property damage." Plaintiff also included Attachment C, a Liberty Lloyds declarations form which purports to add Rawashdeh's 1987 Nissan to Ms. Genusa's policy, effective September 11, 1990 through March 11, 1991. The endorsement was issued on December 12, 1990. Plaintiff does not state how he got this endorsement but it obviously existed long before prescription ran.
La.C.C. art. 3467 states that "[p]rescription runs against all persons unless exception is established by legislation." The jurisprudential doctrine of contra non valentem remains a viable exception to this rule. Plaquemines Parish Commission Council v. Delta Development Company, Inc., 502 So.2d 1034 (La.1987). There are four categories in which our jurisprudence applies the principle of contra non valentem to prevent the running of prescription: (1) where legal cause has prevented the courts or its officers from acting on or taking cognizance of plaintiff's action; (2) where a condition coupled with a contract or connected with the proceeding prevented the creditor from acting; (3) where an act of the debtor has effectually prevented the creditor from availing himself of his cause of action; and (4) where the cause of action is neither known nor reasonably knowable by the plaintiff even though plaintiff's ignorance is not induced by the defendant. Corsey v. State, Department of Corrections, 375 So.2d 1319 (La.1979). Among the most common situations in which contra non valentem is applied is where the defendant has knowingly concealed information from the plaintiff or through his conduct misled, or lulled the plaintiff into inaction (Category 3). Dagenhart v. Robertson Truck Lines, Inc., 230 So.2d 916 (La.App. 1st Cir.1970).
La.R.S. 22:1220 imposes on an insurer the affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. An insurer who breaches these duties is liable for damages sustained as a result of the breach. La. R.S. 22:1220 (A). Subsection (B) enumerates acts which if knowingly committed by an insurer constitute breach of the duties imposed in Subsection (A). Among those enumerated is "[m]isrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue." La.R.S. 22:1220 (B)(1). La.R.S. 22:1220 grants a right and cause of action to a claimant as well as an insured against an insurer who breaches the statutorily prescribed duties and provides for the award of general, special and punitive damages. See Champagne v. Hartford Casualty Insurance Group, 607 So.2d 752 (La.App. 1st Cir. 1992). It does not, in and of itself, suspend or interrupt prescription on an action by a claimant or plaintiff against a tortfeasor and its insurer. Consequently, plaintiff's tort action may have prescribed even though plaintiff may have an action against Liberty Lloyds under La.R.S. 22:1220. However, if Liberty Lloyds' actions amounted to misrepresentation or concealment of information on coverage (Category 3 from Corsey) contra non valentem may be applicable.
In oral reasons for judgment the trial judge stated::
Louisiana law has been and continues to be that contra non valentem applies where fraudulent conduct has concealed the identity of parties at least where the plaintiff has exercised reasonable diligence in seeking the facts. And I don't think that's been shown in this case by the exhibits. It appears to me that certainly plaintiff should have been put on notice, particularly with Attachment C, that this Liberty Lloyds defendant was a *268 prospective defendant in this case and should have at least been named.
After careful review of the record under the facts and circumstances of this case, we cannot find that the trial judge was manifestly erroneous in finding that the action had prescribed because plaintiff failed to exercise reasonable diligence in seeking the facts, particularly in view of attachment C which existed some nine months prior to the tolling of prescription. Additionally, regardless of Liberty Lloyds' actions nothing prevented plaintiff from timely suing the other defendants subsequently sued. Accordingly, we affirm the judgment of the trial court sustaining the peremptory exception raising the objection of prescription. Costs of this appeal are assessed against appellant.
AFFIRMED.
NOTES
[1] Mohammad Rawashdeh and Gloria Genusa Rawashdeh filed suit against Bengtson, USAA and Liberty Lloyds (Suit No. 37,3306). This petition was also filed on September 18, 1991. The actions were consolidated for trial upon motion of Liberty Lloyds.
[2] Bengtson and USAA also raised the objection of prescription. On their motion the hearing on the exception was stayed pending this appeal.