715 So.2d 656 (1998)
WE SELL USED CARS, INC. d/b/a We Buy Used Cars, Inc., Plaintiff-Appellant,
v.
UNITED NATIONAL INSURANCE COMPANY, Defendant-Appellee.
No. 30671-CA.
Court of Appeal of Louisiana, Second Circuit.
June 24, 1998.
Rhymes & Lucas by George E. Lucas, Jr., Monroe, for Plaintiff-Appellant.
Theus, Grisham, Davis & Leigh by George M. Snellings, IV, Monroe, for Defendant-Appellee.
Before WILLIAMS, STEWART and PEATROSS, JJ.
STEWART, Judge.
This case arises out of an insurance claim dispute between, We Sell Used Cars, Inc. d/b/a We Buy Used Cars, Inc. (We Buy) and United National Insurance Company (United). We Buy, the plaintiff-appellant, appeals the judgment by the Honorable Scott Leehy, Monroe City Court for the Parish of Quachita, in favor of the defendant-appellee, United, finding that We Buy's claim for property damage, pursuant to an insurance policy for comprehensive and/or collision coverage issued by United, is delictual in nature and prescribed under the one-year liberative prescription. Finding that We Buy's action is contractual in nature and subject to the ten-year prescriptive period, we reverse and remand.

*657 FACTS
United issued to We Buy a policy of comprehensive and/or collision insurance coverage. The policy of comprehensive and/or collision insurance covered a 1993 Plymouth Acclaim owned by We Buy. This policy coverage was in force and effect on October 23, 1993 when We Buy sustained property damage to the 1993 Plymouth Acclaim. We Buy filed a claim with United in March 1995. The claim was denied by United based upon numerous policy exclusions contained within the commercial automobile policy. On September 6, 1995, We Buy filed suit against United seeking to collect for property damage to the vehicle, penalties and attorney's fees for United's arbitrary and capricious refusal to pay the claim.
On October 26, 1995, United filed a peremptory exception of prescription, contending that We Buy's action was prescribed pursuant to La. C.C. Art. 3492 which has been expanded to include claims for property damage under an insurance policy. We Buy argued that its claim is contractual based upon the definition of delictual actions in Black's Law Dictionary, the listings of delictual actions in the comments to La. C.C. art. 3492, and Booth v. Fireman's Fund Insurance Company, 49,148 (La.12/16/68); 253 La. 521, 218 So.2d 580. In the Booth case the court applied the ten-year prescriptive period to a claim by an insured against his insurer under the uninsured motorist provision of a policy prior to the enactment of the two-year uninsured motorist prescriptive period in La. R.S. 9:5629. On November 27, 1995 a hearing was held on the matter and the trial court found that the claim was delictual in nature, and therefore was prescribed. A devolutive appeal was filed by We Buy on July 11, 1997.

EXCEPTION OF PRESCRIPTION
In this assignment of error, We Buy asserts that the trial court erred in finding that the automobile insurance policy claim for property damage is delictual in nature and not contractual and therefore is subject to the one year prescriptive period. We Buy argues that the claim filed against United is pursuant to a contract for comprehensive and/or collision coverage, that United had a contractual duty to We Buy to honor the terms of the contract providing collision insurance coverage and that the action does not satisfy the Black's Law Dictionary definition of delictual fault.
We Buy contends that it does not seek payment of damages from United as a tortfeasor but based upon United's obligation stemming from a contract of insurance to provide comprehensive and/or collision coverage of appellee's automobile. Therefore, the claim is contractual and subject to the ten-year prescriptive period of La. C.C. art. 3499.
We Buy cites Booth v. Fireman's Fund Insurance Company, supra and Harrison v. Gore, 27,254 (La.App. 2 Cir. 8/23/95); 660 So.2d 563, writ denied 95-2347 (La.12/8/95); 664 So.2d 426, to support its position that an uninsured motorist claim is ex contractu and is subject to a ten-year prescription period.
United counters that the Booth case was decided prior to the enactment of La. R.S. 9:5629, allowing a two year prescriptive period for uninsured motorist claims, that Booth was decided prior to the revision of La. C.C. art. 3492 and that in Harrison the court held, "[e]ven when tortfeasor and victim are bound by a contract, courts usually apply the delictual prescription to actions that are really grounded in tort."
United further asserts that the pleadings filed by We Buy support a claim for delictual damages arising as a result of property damage to an automobile and that the petition was filed well over the one year prescriptive period of La. C.C. art. 3492. Therefore, the claim for property damage, penalties and attorney's fees are delictual in nature, subject to the one year prescriptive period and the claim is prescribed.
Needless to say deference should be given to the factual determination of the district court. Lewis v. State Through Dept. of Transp. and Development, 654 So.2d 311, 94-2370 (La.4/21/95). Nonetheless the constitutional scope of review of this court in civil cases extends to both law and facts. La. Const. art. V, Sec. 5(C). As the facts are not disputed with respect to this appeal, the issue before this court is whether the trial *658 court correctly interpreted and applied the law. Appellate review of questions of law is simply review of whether the trial court was legally correct or legally incorrect. Hidalgo v. Wilson Certified Express, Inc., 94-1322 (La.App. 1st Cir. 5/14/96), 676 So.2d 114, 116; Phoenix Assur. Co. v. Shell Oil Co., 611 So.2d 709 (La.App. 4 Cir.1992). If the trial court's decision was based on its erroneous application of law, rather than on a valid exercise of discretion, the trial court's decision is not entitled to deference by the reviewing court. Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983).
In fact, when an appellate court finds that a reversible error of law or manifest error of material fact was made in the lower court, the court, whenever possible must review the facts de novo from the entire record and render a judgment on the merits. Esco v. Smith, 468 So.2d 1169, on remand, 478 So.2d 153, writ denied, 479 So.2d 925 (La.1985). However, appellate courts are given the power to remand an action for proper consideration when the record is so incomplete that the court is unable to pronounce definitely on the issues presented or where the parties have failed, for whatever reason, to produce available evidence material to a proper decision. Bodin v. Bodin, 392 So.2d 759 (La. App. 3rd Cir.1980); Dardar v. Texoma Contractors, Inc., 446 So.2d 890, 893, (La.App. 1 Cir.1984).
The central issue is whether the ten-year prescriptive period for breach of contract under La. C.C. Art. 3499 should apply, or whether the one year period under La. C.C. Art. 3492 is applicable.
La. C.C. Art. 3499 states:
Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years.
In reviewing the grant of an exception of prescription, the character of the action given by the plaintiff in his pleadings, determines the prescription applicable to it. Northcott Exploration Co. v. W.R. Grace & Co., 430 So.2d 1077 (La.App. 3d Cir.1983); Starns v. Emmons, 538 So.2d 275 (La.1989); J.W. Warren & Associates v. Audubon Ins. Co., 93-1650 (La. App. 3 Cir. 7/6/94) 638 So.2d 1241. "The nature of a cause of action must be determined before it can be decided which prescriptive term is applicable." State Through Department of Highways v. City of Pineville, 403 So.2d 49, 54 (La.1981). Hampton v. Hibernia Nat. Bank, 598 So.2d 502, 503 (La.App. 2d Cir.1992). The nature of an obligation in Louisiana, for the purpose of determining the applicable prescriptive period, is either contractual, quasi-contractual, delictual, quasi-delictual or legal. See Dean v. Hercules, Incorporated, 328 So.2d 69, 72 (La.1976); Taylor v. David New Operating Co., Inc., 619 So.2d 1251, 1253 (La.App. 3 Cir.1993).
We Buy's petition, in pertinent part, is reproduced below:

2.
On or about October 23, 1993, plaintiff sustained property damage to its 1993 Plymouth Acclaim automobile.

3.
At all times pertinent herein, plaintiff had comprehensive and/or collision coverage on said vehicle with defendant.

4.
Plaintiff reported its property damage timely to defendant and, despite numerous demands, defendant has refused to pay for the damages to plaintiff's property.
It is well settled that in certain circumstances the same acts or omissions may constitute breaches of both general duties and contractual duties, and may give rise to both actions in torts and actions in contracts. By making reference to "property damage," and "comprehensive and/or collision coverage," We Buy's petition indicates the objective of the lawsuit is to enforce coverage under the insurance contract. It is important to note that We Buy's petition makes no reference to "negligence," "liability without negligence," "intentional misconduct" nor "tortious acts" or "delictual acts."
United owed a special duty to We Buy by virtue of a contract to do a particular thing, and the violation of that contractual duty furnishes a cause of action. The nature of *659 the action brought by We Buy is established in the petition as a contractual action.
A contract can give rise to more than one obligation. United undertook several obligations by entering into the insurance contract, a tort obligation and a contractual obligation. Because suit was filed more than one year after the property damage, any tort action that We Buy would bring has prescribed. However, the tenor and import of the petition illustrate that We Buy is attempting to enforce a special contractual right.
Furthermore, the alleged wrong committed by United, not providing comprehensive/and/or collision coverage to the insured for property damage, is a passive breach of contract. United failed to perform a special obligation contractually assumed toward We Buy, an obligation arising from an insurance contract to provide collision/comprehensive coverage.
We disagree with the analysis of the trial court. The legislature has not provided a specific prescriptive period for non-tortious actions based on property damage claims under comprehensive and/or collision insurance contracts. United has not asserted any policy provision limiting an action by We By. As for United's argument in reference to the Booth case, even if La. R.S. 9:5629 were applicable, We Buy's suit was filed timely. Under La. R.S. 9:5629 the applicable prescriptive period is two years from the date of the accident in which the damage was sustained. The property damage occurred on October 23, 1993 and We Buy filed suit on September 6, 1995. By its wording La. R.S. 9:5629 applies to actions for the recovery of damages 1) sustained in motor vehicle accidents brought 2) pursuant to uninsured motorist provisions in motor vehicle insurance policies.
For the purpose of the exception of prescription, we find that the trial court erred in finding that We Buy's cause of action was subject to a liberative prescription of one year, and that the trial judge erred in granting United's exception of prescription. In furtherance, we find that the proper prescriptive period for this personal action (enforcement of a contractual right) is ten years. The applicable prescriptive period for We Buy's claim is governed by the ten-year prescription set forth in Civil Code art. 3499.
This assignment of error is with merit.

PENALTIES AND ATTORNEY'S FEES
We Buy contends that its automobile insured by United sustained damage, that the damage was reported to United, that payment was demanded by We Buy, that United refused to pay and that United's refusal to pay was arbitrary and capricious entitling We Buy to penalties and attorney fees.
This claim is based on La. R.S. 22:658, which requires an insurer to pay any claim due an insured within thirty days after receiving satisfactory proof of loss. An insurer who fails to pay within thirty days will be subject to a penalty and attorney fees in addition to the amount of loss, if the failure to pay is "found to be arbitrary, capricious, or without probable cause." No prescriptive period for asserting a claim for penalties and attorney fees is provided in La. R.S. 22:658.
In Cantrelle Fence and Supply Co., Inc. v. Allstate Ins. Co., 550 So.2d 1306 (La.App. 1st Cir.1989), writ denied, 559 So.2d 123 (La. 1990), the court applied the ten-year prescriptive period of La. C.C. art. 3499 to a claim for penalties and attorney fees under La. R.S. 22:658. An insured sought penalties and attorney fees from its uninsured motorist insurer. At issue was whether the two-year prescriptive period of La. R.S. 9:5629, applicable to actions for damages pursuant to uninsured motorist provisions of motor vehicle policies, was applicable to the claim for penalties and attorney fees.
The court in Cantrelle noted that a claim for penalties and attorney fees is a separate ground or theory of recovery from a claim under uninsured motorist coverage and that the obligation arising out of the penalty statute is separate from the obligation arising out of the contractual relationship pursuant to the insurance policy. Finding no prescriptive period specifically established for La. R.S. 22:658, the court applied the ten-year prescriptive period.
*660 Likewise, we find no prescriptive period specifically established for a claim for penalties and attorney fees under La. R.S. 22:658. Therefore, we find that We Buy's claim for penalties and attorneys fees are subject to a ten-year prescriptive period.

CONCLUSION
For the foregoing reasons, we reverse the judgement of the trial court insofar as it grants United's peremptory exception of prescription and remand this action to the trial court for further proceedings. In our view, We Buy's claim against United, under this particular set of circumstances, for damages sustained by an insured automobile is contractual in nature and subject to the ten-year prescriptive period of La. C.C. art. 3499. We Buy's claim under La. R.S. 22:658 is also subject to the ten-year prescriptive period. The costs of this appeal are assessed against the defendant, United National Insurance Company.
REVERSED and REMANDED.