_JjMOORE, J.
Chad and Shelly Hebert, individually and on behalf of their three minor children (collectively, “the Heberts”), appeal a partial judgment that dismissed their claim for penalties against State Farm Fire and Casualty Company on an exception of prescription. For the reasons expressed, we reverse and remand.

Procedural Background

Since the parties offered no evidence (aside from one stipulation) at the hearing on the exception of prescription, this *769 court’s review is based on the allegations of the petition, which are accepted as true. Thomas v. Connolly, 31,447 (La.App. 2 Cir. 1/20/99), 726 So.2d 1052.
The Heberts entered an agreement with James and Sandra Hill to lease the Hills’ rental house at 1608 Gentilly Lane, Shreveport, from October 1999 through October 2000. After that, they remained in the house on a month-to-month basis.
On March 17, 2001, the Heberts notified the Hills of a water leak, apparently from the water heater, which had dampened the carpet and sheetroek in several rooms. Three days later the Hills notified State Farm, their property insurer, of the leak and damage, as well as the fact that the Heberts were living in the house. State Farm advised the Hills that the policy would cover damages done by the leaking water but not the replacement of the water heater itself. The Hills replaced the water heater in April 2001 but did not repair or replace the carpet or sheetroek. State Farm sent an inspector to the house in June 2001.
Lin March 2002, one of the Heberts’ children was diagnosed with neurological hearing loss which would require surgery. On the advice of the Caddo Parish Health Unit, the Heberts hired an environmental lab to test the house. Test results showed “black mold” in the water heater area and high levels of toxic molds throughout the house. The Heberts vacated the house later in March 2002, at which time the carpet and sheetroek still had not been replaced. They later discovered that their youngest son also suffered from neurological damage, and that visiting family members had developed mold allergies while staying at the house.
The Heberts filed this suit for damages against the Hills and State Farm on June 7, 2002. They included a claim for penalties against State Farm under La. R.S. 22:658 A(3) for failing to initiate loss adjustment within 14 days of receiving the Hills’ claim on March 20, 2001. State Farm filed exceptions of no right of action, no cause of action and prescription as to the penalties claim. At a hearing on the exceptions, the parties stipulated that the Heberts were unaware of the mold contamination until they received the results of the environmental study on April 2, 2002.
After hearing argument, the district court sustained the exception of prescription and dismissed the penalty claim as prescribed; it further stated that the other exceptions were moot. The court designated this a final judgment under La. C.C.P. art. 1915 B(l), and this appeal followed.

Exception of Prescription

By two assignments of error, the He-berts urge the district court erred in sustaining the exception of prescription. They contend that an action for ^penalties against an insurer under R.S. 22:658 A(3) is a personal action subject to liberative prescription of 10 years. La. C.C. art. 3499; We Sell Used Cars, Inc. v. United National Ins. Co., 30,671 (La.App. 2 Cir. 6/24/98), 715 So.2d 656; Cantrelle Fence & Supply Co. v. Allstate Ins. Co., 550 So.2d 1306 (La.App. 1 Cir.1989), writ denied, 559 So.2d 123 (La.1990). This argument has merit.
Unless otherwise provided by legislation, a personal action is subject to a liber-ative prescription of 10 years. C.C. art. 3499. A personal action is “one brought to enforce an obligation against the obligor, personally and independently of the property which he may own, claim, or possess.” La. C.C.P. art. 422.
The action against an insurer for failure to adjust and pay a claim timely is established by R.S. 22:658 A:
*770 § 658. Payment and adjustment of claims, policies other than life and health and accident; personal vehicle damage claims; penalties; arson-related claims suspension
A. (1) All insurers issuing any type of contract, other than those specified in R.S. 22:656, R.S. 22:657, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest.
(2) All insurers issuing any type of contract, other than those specified in R.S. 22:656, R.S. 22:657, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any third party property damage claim and of any reasonable medical expenses claim due any bona fide third party claimant within thirty days after written agreement of settlement of the claim from any third party claimant.
(3) Except in the case of catastrophic loss, the insurer shall initiate loss adjustment of a property damage claim and of a claim for reasonable medical expenses within fourteen days 14after notification of loss by the claimant. In the case of catastrophic loss, the insurer shall initiate loss adjustment of a property damage claim within thirty days after notification of loss by the claimant. Failure to comply with the provisions of this Paragraph shall subject the insurer to the penalties provided in R.S. 22:1220.
(4) All insurers shall make a written offer to settle any property damage claim within thirty days after receipt of satisfactory proofs of loss of that claim.
In We Sell Used Cars, supra, this court determined that the claim for penalties and attorney fees under § 658 A(l) is a personal action subject to 10-year prescription. While the instant claim is based on § 658 A(3), we find nothing in this subsection that would impose a shorter prescriptive period.
State Farm submits that the instant claim is brought by a third-party claimant and thus distinguishable from We Sell Used Cars. In support it cites passages of the opinion referring to the insurer’s obligation as a “contractual duty” and its conduct as “a passive breach of contract.” Such duty and breach were found in We Sell Used Cars. However, we stated that the claim for penalties and attorney fees was “a separate ground or theory of recovery from a claim under uninsured motorist coverage[J” Citing the First Circuit’s rationale in Cantrelle Fence & Supply Co., supra, we further found that “the obligation arising out of the penalty statute is separate from the obligation arising out of the contractual relationship pursuant to the insurance policy.” Since the penalty claim is independent from the policy, we see no basis to distinguish whether the claimant is a policy holder or a third party. State Farm’s contention lacks merit.
|¡;The district court erred in sustaining the exception of prescription. The judgment will be reversed.

Exceptions of No Right and No Cause of Action

State Farm urges in brief that if the Heberts’ claim is not prescribed, it fails to state a right of action. It submits that a third party may bring a penalty claim under § 658 A(2) because that subsection specifically refers to “any third party claimant,” but contends that a third party may not bring such a claim under § 658 A(3) because that subsection makes no similar reference. State Farm concedes that in Rogers v. Commercial Union Ins. Co., 01-443 (La.App. 3 Cir. 10/3/01), 796 So.2d 862, the Third Circuit held that § 658 A(3) applies to third party claimants, *771 but contends that Rogers is wrongly decided. Finally, State Farm urges that because the Heberts have no right of action, they also have no cause of action.
Because it is penal in nature, § 658 must be strictly construed. Hart v. Allstate, 437 So.2d 823 (La.1983); Block v. St. Paul Fire & Marine Ins. Co., 32,306 (La.App. 2 Cir. 9/22/99), 742 So.2d 746. When a statute is clear and free from ambiguity, the court may not restrict or expand its literal meaning under the pretext of pursuing its spirit. La. R.S. 1:4; Horton v. State Farm Ins. Co., 25,943 (La.App. 2 Cir. 8/17/94), 641 So.2d 993. Despite State Farm’s creative efforts to construe § 658, we find it to be clear and free from ambiguity. Subsection A(3) refers simply to “a property damage claim,” without any limitation as to whether the claimant is an insured or a third party. “Claimant,” as used in subsection A(3), encompasses both insureds and third parties. Based on this plain reading, |fiwe agree with the court’s holding in Rogers v. Commercial Union, supra, and decline State Farm’s invitation to introduce a distinction not present in the statute.[1] The Heberts have stated a right of action for penalties under R.S. 22:658 A(3), and State Farm’s exception is overruled.
Finally, State Farm’s exception of no cause of action is based entirely on the theory of no right of action which we have rejected. Under the circumstances, we also overrule the exception of no cause of action.

Conclusion

For the reasons expressed, we reverse the partial judgment that sustained State Farm’s exception of prescription, and overrule the exceptions of no right of action and no cause of action. The case is remanded to the district court for further proceedings. Costs are assessed to State Farm.

. State Farm also contends in brief that in Spivey v. Super Valu, 575 So.2d 876 (La.App. 2 Cir.1991), this court held that "this statute [La. R.S. 22:658] applies only between an insurance company and its insured, not between an injured plaintiff or claimant and the alleged tortfeasor’s insurance company.” The argument is overbroad; Spivey clearly involved a claim for penalties and attorney fees based on subsection A(l), which is indeed limited to "any insured.” Subsection A(3) is not so limited, and this contention lacks merit.