# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-896

**HAROLD FILS**

**VERSUS**

**STARR INDEMNITY & LIABILITY COMPANY, ET AL**

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20154212
HONORABLE MARILYN C. CASTLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*
## SYLVIA R. COOKS
## JUDGE
\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and D. Kent Savoie, Judges.

**MOTION FOR REHEARING GRANTED;
REVERSED AND REMANDED.**

Bart Bernard
1031 Camellia Boulevard
Lafayette, LA 71360
(337) 989-2278
COUNSEL FOR PLAINTIFF/APPELLANT:
    Harold Fils

D. Scott Rainwater
Rachel Kovach
Taylor, Wellons, Politz & Duhe, APLC
8550 United Plaza Boulevard, Suite 101
Baton Rouge, LA 70809
(225) 387-9888
COUNSEL FOR DEFENDANT/APPELLEE:
    Starr Indemnity & Liability Insurance Company

**COOKS, Judge.**

**ON REHEARING**

Plaintiff-appellant, Harold Fils, filed this Motion for Rehearing, asking this court to reconsider our prior ruling affirming the trial court's judgment that bad faith claims against insurers are subject to a one-year prescriptive period.[1] We granted Plaintiff's Motion for Rehearing. After further review, we now hold the appropriate prescriptive period for bad faith claims arising out of a contract of insurance is the ten-year prescriptive period found in La.Civ.Code art. 3499.

Plaintiff claimed injuries and personal damages as a result of an August 28, 2013 accident and filed suit on August 27, 2015, against Starr Indemnity & Liability Insurance Company seeking additional UM benefits. Plaintiff alleged his medical expenses alone exceeded the $45,000.00 amount tendered to him by Starr. Asserting that Starr was acting in bad faith, Plaintiff supplemented his petition on January 26, 2017, to seek penalties and attorney fees pursuant to La.R.S. 22:1973 and La.R.S. 22:1892 for Starr's alleged bad faith refusal to pay his UM claim. Plaintiff's original petition had not included any allegations of bad faith on the part of Starr.

In response, Starr filed a peremptory exception of prescription, maintaining the bad faith claim was barred by the prescriptive period of one year from the time suit was filed seeking damages under the UM policy provisions. The trial court ruled in favor of Starr and maintained the exception of prescription as to the bad faith claims asserted in Plaintiff's First Supplemental and Amending Petition. The bad faith claims were dismissed with prejudice, and the court designated that ruling as a final, appealable judgment. In our previous opinion, we held the trial court did not

---

[1] Several interested parties were granted permission to file amicus briefs, both in support of, and in opposition to, Plaintiff's motion for rehearing.

2

err in finding a one-year prescriptive period applied to Plaintiff's bad faith claims against Starr.

## I.      *Review of Applicable Jurisprudence.*

Even before the creation of a statutory cause of action for the bad faith handling of claims by an insurer, courts have imposed liability for an insurer's failure to act in good faith in the interests of its insureds. The Louisiana Supreme Court in *Roberie v. Southern Farm Bureau Casualty Insurance Co.*, 250 La. 105, 194 So.2d 713, 716 (1967), found the insurer was liable for its failure to inform its insurer as to settlement negotiations and the insurer's failure to provide "information and advice on the point of his potential liability." The insurer rejected a settlement demand unilaterally when the potential liability exceeded the policy limits. As a result, the court found the insurer liable to its insured for the amount in excess of the policy limits that he was required to pay as part of the judgment in the original litigation.

In 1970, La.R.S. 22:1220 [now La.R.S. 22:1973] was enacted. It created a statutory cause of action for bad faith by an insurer. Discussing the duties imposed on the insurer by La.R.S. 22:1220, the supreme court in *Theriot v. Midland Risk Ins. Co.*, 95-2895, pp. 5-6 (La. 5/20/97), 694 So.2d 184, 187 (emphasis added), stated "the statute recognizes the jurisprudentially established duty of good faith and fair dealing owed to the insured, which is an ***outgrowth of the contractual*** and fiduciary relationship between the insured and insurer." Louisiana Revised Statutes 22:658 [now La.R.S. 22:1892] provided additional causes of action for an insurer's violations of good faith and fair dealing, including a bad faith failure to settle claims. Neither statute sets forth a specific prescriptive period.

In 1989, the appellate court in *Cantrelle Fence and Supply Co. v. Allstate Insurance Co.*, 550 So.2d 1306 (La.App. 1 Cir. 1989), *writ denied*, 559 So.2d 123

3

(La.1990), applied the ten-year prescriptive period of La.Civ.Code art. 3499 to the insurer's claim under La.R.S. 22:658 [now La.R.S. 22:1892]. The court stated "[f]inding no other prescriptive period specifically established for La.R.S. 22:658 actions, we apply the prescriptive period of ten years, established by La.[Civ.Code] art. 3499." *Cantrelle*, 550 So.2d at 1308.

Similarly, in 1991, the court in *Keith v. Comco Insurance Co.*, 574 So.2d 1270 (La.App. 2 Cir.), *writ denied*, 577 So.2d 16 (La.1991), found the ten-year prescriptive period was applicable to an insurer's bad faith failure to settle under La.R.S. 22:1220 [now La.R.S. 22:1973]. The court stated as follows:

> An action against an insurer for failure to defend a claim or settle within policy limits is in contract. *Wooten v. Central Mut. Ins. Co.*, 182 So.2d 146 (La.App. 3d Cir.1964); Comment, "Duty of Insurer to Settle," 30 La.L.Rev. 622, 628-633 (1970). It therefore prescribes in 10 years. La.[Civ.Code] art. 3499.

*Keith*, 574 So.2d at 1276.

In 1993, the First Circuit Court of Appeal (which authored the *Cantrelle* opinion) in *Zidan v. USAA Property and Casualty Insurance Co.*, 622 So.2d 265 (La.App. 1 Cir.), *writ denied*, 629 So.2d 1138 (La.1993), found the one-year prescriptive period applied to a claim made by a guest passenger alleging the insurer had concealed the fact that coverage existed. In *Zidan* the plaintiff, Ali Zidan was a guest passenger in a vehicle driven by Mohammed Rawashdeh and insured by Liberty Lloyds. That vehicle was involved in a collision on September 17, 1990, with a vehicle driven by Richard Bengston and insured by USAA Property and Casualty Insurance Company. Zidan filed suit against Bengston and his insurer, USAA, as well as Rawashdeh and his insurer, Liberty Lloyds. That suit was not filed until September 18, 1991, one year and one day from the date of the injury. Thus, on its face the action had prescribed. Liberty Lloyds filed a peremptory exception of prescription. Zidan contended his action had not prescribed because

4

Liberty Lloyds misrepresented or concealed the fact that coverage existed on Rawashdeh's vehicle in violation of a duty imposed by La.R.S. 22:1220 [now La.R.S. 22:1973]. The trial court granted the insurer's exception of prescription.

On appeal, Zidan again argued the tort claims had not prescribed because the insurer concealed the fact coverage existed in violation of La.R.S. 22:1220. The plaintiff argued this violation triggered the application of *contra non valentum*, preventing the running of prescription on the underlying tort claim. The first circuit recognized the plaintiff's tort claims and bad faith claims arose separately and were, in fact, two separate claims. The court noted the tort claim could have prescribed even though the bad faith claim could still be viable. The *Zidan* court did not specifically address the applicable prescriptive period for a bad faith claim, but found only the alleged violation of La.R.S. 22:1220 did not toll prescription of the plaintiff's tort claim. The failure of the plaintiff in *Zidan* was that he failed to timely file **any tort claim** against any insurer and was attempting to "piggy-back" his underlying tort claim to his bad faith claim. *Zidan* has since been extended by several federal courts to hold that the one-year prescriptive period applies to all bad faith claims brought under La.R.S. 22:1973 and La.R.S. 22:1892. Other federal courts have distinguished *Zidan* on the grounds it involved a third-party claim.

In 1998, the appellate court in *We Sell Used Cars, Inc. v. United National Insurance Co.*, 30,671 (La.App. 2 Cir. 6/24/98), 715 So.2d 656, again held the insured's claim for penalties and attorney fees under La.R.S. 22:658 [now La.R.S. 22:1892] was ten years.

In the aftermath of the above cases, the federal district courts have been split on the issue of prescription for first-party claims arising from alleged violations of La.R.S. 22:1973 and La.R.S. 22:1892. In 2004, the Eastern District of Louisiana in *Brown v. Protective Life Insurance Co.*, 353 F.Supp.2d 739, 743 (E.D. La. 2004),

found La.R.S. 12:1220 "is subject to a one-year liberative prescription." It gave no analysis for this finding, but only cited *Zidan* in support of its conclusion. In 2008, the eastern district in *Harrell v. Fid. Sec. Life Ins. Co.*, 17-1439 (E.D. La. 2008), held "that a violation of [La.R.S. 22:1220] is delictual in nature and therefore subject to the one year prescriptive period." It cited *Brown¸* which relied on *Zidan*, in support of this proposition. In 2009, the eastern district in *Ross v. Hanover Insurance Co.*, 09-3501 (E.D. La. 2009), again applied the one-year prescriptive period relying on the *Brown* case for jurisprudential support.

In contrast, the Western District of Louisiana has concluded, in line with the decisions in *Cantrelle*, *Keith*, and *We Sell Used Cars, Inc.*, that a claim against an insurer for violations of La.R.S. 22:1973 and La.R.S. 22:1892 is subject to a ten-year prescriptive period. In 2015, the federal court in *Aspen Specialty Insurance Co. v. Technical Industries, Inc.*, 2015 WL 339598 (W.D.La. 2015), noting the facts in *Zidan* involved a third-party claim, declined to follow the *Zidan* line of cases and concluded a ten-year prescriptive period applies to the bad faith claim against the insurer. The *Aspen Specialty* court set forth the following analysis:

> It is logical that the claim by a third-party to an insurance contract against an insurer would be classified as a tort and subject to the one-year prescriptive period for delictual actions, but it is not logical that a first-party claim, that is, a claim by an insured against its insurer, would be classified as a delictual claim. A first-party claim arises out of the relationship created by the insurance contract and, therefore, is either contractual or quasi-contractual in nature. Indeed, Section 1973 "recognizes the jurisprudentially established duty of good faith and fair dealing owed to the insured, which is an outgrowth of the contractual and fiduciary relationship between the insured and the insurer." Both contractual and quasi-contractual claims are classified, under Louisiana law, as personal actions subject to a liberative prescription of ten years.

Later that same year in *Prudhomme v. Geico Insurance Co.*, 15-98 (W.D. La. 2015), the federal court followed *Aspen Specialty* in finding the ten-year prescriptive period applied to an insured's claim under La.R.S. 22:1973. The court reasoned:

6

> La.R.S. 22:1973 does not include a provision establishing a prescriptive period for asserting bad faith claims arising under that statute. In support of their contention that the appropriate prescriptive period is the one-year period for delictual claims, Defendants cite *Zidan v. USAA Prop. & Cas. Co.*, 622 So.2d 265, 266 (La.App. 1 Cir. 1993) and a line of cases following *Zidan*. Defendants note however, in *Aspen Specialty Ins. Co. v. Technical Industries, Inc.*, 2015 WL 339598, 2 (W.D.La., 2015), Magistrate Judge Hanna recently held that a ten-year prescriptive period applies to Section 1973 claims. The Court agrees with Judge Hanna's reasoning in [*Aspen Specialty*].

*Id.* at p. 5.

The first circuit court of appeal recently in *Labarre v. Texas Brine Company, LLC*, 16-265 (La.App. 1 Cir. 12/2/16) (unpublished writ decision), granted writs and reversed the lower court's finding that "a ten-year prescriptive period was available" on the "claims of the breach of the insurer's duty of good faith and fair dealing." In that case, the plaintiff filed a claim against its insurer via a third-party demand, then added bad faith claims through an amending third-party demand. The court specifically held bad faith claims were subject to a one-year prescriptive period. The Louisiana Supreme Court subsequently denied writs on the case. *Labarre v. Texas Brine Company, LLC*, 17-1761 (La. 12/5/17), 231 So.3d 631. The first circuit granted certiorari and, in a May 31, 2018 order, set full briefing on a pending writ application filed in the case on the issue of whether bad faith claims by an insured against its insurer are subject to a one-year or ten-year prescriptive period. The court concluded, "[u]pon review, we cannot say that our colleagues committed palpable error in determining a one-year prescriptive period applied to Texas Brine Company, LLC's claims of bad faith under La.R.S. 22:1973." *Labarre v. Texas Brine Company, LLC*, 17-1676, pp. 1-2 (La.App. 1 Cir. 8/30/18), (unpublished opinion). One judge dissented, and offered the following reasoning in support of a ten-year prescriptive period:

> Louisiana Revised Statutes 22:1973 (formerly La. R.S. 22:1220) and 22:1892 (formerly La. R.S. 22:658) codified the insurer's pre-existing

7

duty of good faith and fair dealing and provide for damages when an insurer acts in bad faith. Though this duty has been codified, an abundance of legal analysis from the Louisiana Supreme Court indicates that this duty is an outgrowth of the contractual and fiduciary relationship between the insured and the insurer, and the duty of good faith and fair dealing emanates from the contract between the parties. Theriot v. Midland Risk Ins. Co., 95-2895 (La. 5/20/97), 694 So.2d 184, 187; *Pareti v. Sentry Indem. Co.*, 536 So.2d 417, 423 (La. 1988); *Langsford v. Flattman*, 2003-0189 (La. 1/21/04), 864 So.2d 149, 151; *Kelly v. State Farm Fire & Cas. Co.*, 2014-1921 (La. 5/5/15), 169 So.2d 328. Since the duty emanates from the contract and would not exist but-for the contract, I find it appropriate to apply the ten-year prescriptive period for contracts to this claim. Furthermore, finding no specific prescriptive period established for bad faith claims, this court has previously held that the default ten-year prescriptive period for personal actions established by Louisiana Civil Code article 3499 applies to first-party claims against an insurer. *Cantrelle Fence & Supply Co. v. Allstate Ins. Co.*, 550 So.2d 1306, 1308 (La.App. 1st Cir.1989), *writ denied*, 559 So.2d 123 (La. 1990). I would refuse to deviate from this jurisprudence.

Very recently, in *Naz, LLC v. United National Insurance Co.*, 2018 WL 3997299 (E.D. La. 2018), the eastern district again addressed the "unsettled" judicial pronouncements "regarding whether an insured's claim for an insurer's bad faith are subject to a prescriptive period of one or ten years." In holding that such bad faith claims are subject to a one-year prescriptive period, the court in *Naz* cited our earlier statement in this case that "a contract is not necessary to bring a bad faith claim against an insured under Louisiana's penalty statutes."

## II. Analysis.

An insured's claim for bad faith ordinarily is based upon the obligation that arises from the relationship between the insurer and insured. Plaintiff argues because bad faith claims are derived from contractual obligations and fiduciary duties owed by the insurer pursuant to the contract of insurance between the parties, they are appropriately governed by the ten-year prescriptive period which governs contracts. Plaintiff cites *Cantrelle Fence and Supply Co.*, 550 So.2d 1306, *Keith*,

8

574 So.2d 1270, *We Sell Used Cars*, 715 So.2d 656, *Aspen Specialty Insurance Co.*, 2015 WL 339598 and *Prudhomme*, 15-98, in support of this contention.

It follows, but for the existence of the insurance contract between Plaintiff and Starr, there would be no claim. Likewise, all obligations of the UM insurer in this case originate and flow from the insurance contract. We note in *Kelly v. State Farm Fire & Casualty Co.*, 14-1921, pp. 12-13 (La. 5/5/15), 169 So.2d 328, 336 (emphasis added) (alteration in original), the Louisiana Supreme Court stated:

> Why only an insured may have a cause of action under La. R.S. 22:1973(A) was suggested in *Theriot* [*v. Midland Risk Ins. Co.*, 95-2895 (La. 5/20/97), 694 So.2d 184]. "The first sentence of Subsection A of the statute **recognizes the jurisprudentially established duty of good faith and fair dealing owed to the insured, which is an outgrowth of the contractual and fiduciary relationship between the insured and insurer**." *Theriot*, 95-2895 at 5-6, 694 So.2d at 187. Or, as our federal judicial colleagues later explained in *Stanley*, "[i]nasmuch as it is not the statute that creates the *insured's* cause of action against the insurer, the basis for an insured's cause of action for a breach of the implied covenant of good faith and fair dealing are not limited to the prohibited acts listed in La. R.S. 22:[1973](B)." *Stanley* [*v. Trinchard*], 500 F.3d 411, 427. (emphasis in original)

Because any bad faith on an insurer's part is a breach of a contractual duty, it necessarily follows the cause of action is personal and subject to the ten-year prescriptive period found in La.Civ.Code art. 3499. Louisiana Civil Code Article 1759 provides that "[g]ood faith shall govern the conduct of the obligor and obligee in whatever pertains to the obligation." Thus, the breach of the duty of good faith, which the insurer owes, is the breach of an obligation that flows from the insurance contract.

Moreover, the statutory law provides that UM claims are subject to a two-year prescriptive period. La.R.S. 9:5629. Thus, it would be nonsensical to find that UM bad faith claims prescribe after one year from the first act of bad faith. To do so would potentially force plaintiff attorneys to file suit in order to protect their client's interests against a UM carrier within the one-year period from the accident or the

date the defendant possibly acted in bad faith, even though the two-year prescriptive period on the underlying claim has not run. It would also require a plaintiff to "pierce the corporate mind" of the insurer to determine a "fixed" date when the bad faith occurred to avoid the short one-year prescriptive period as opposed to relying on the cumulation of acts or failure to act by the insurer over the course of time.

In *Mentz Construction Services, Inc. v. Poche*, 11-1474, p. 5 (La. App. 4 Cir. 4/17/12), 87 So.3d 273, 276-77, the appellate court stated "the main distinction between an action on a contract and a tort action is that the former flows from the breach of a special obligation contractually assumed by the obligor, whereas the latter flows from the violation of a general duty owed to all persons. *Certain Underwriters at Lloyd's, London*, 00-1512 at p. 7, 787 So.2d at 1075, *citing Ridge Oak Development, Inc. v. Murphy*, 94-0025 (La.App. 4 Cir. 6/30/94), 641 So.2d 586." As Plaintiff notes, to find his bad faith claims to be delictual, the claims must "flow[ ] from violation of a general duty owed to all persons," and thus available to all persons. However, the Louisiana Supreme Court in *Langsford v. Flattman*, 03-189 (La. 1/21/04), 864 So.2d 149, stated these claims are only available to insureds. In that case, the court specifically held third-party claimants have no cause of action against an insurer under La.R.S. 22:1220(B) [now La.R.S. 22:1973(B)] for a bad faith failure to pay within sixty days of satisfactory proof of loss. See also *Howard v. United Services Automobile Ass'n*, 14-1429, p. 18 (La.App. 1 Cir. 7/22/15), 180 So.3d 384, 399 (emphasis added), wherein the plaintiffs were third-party claimants, and the court held they "do not fall within the category of individuals who can bring a 'bad faith handling of a claim' cause of action against [the insurer], with whom plaintiffs *have no contractual relationship*."

In our original opinion, we relied upon *Zidan*, 622 So.2d 265, to affirm the trial court's judgment that the one-year prescriptive period applied. Upon further

reflection, we find this was error. We find persuasive the federal court's later discussion of *Zidan* in *Aspen Specialty Insurance Co.*, 2015 WL 339598, pp. 2-3 (footnotes omitted), which follows:

> First, *Zidan* is a case in which a guest passenger who was injured in an automobile accident failed to assert a claim against the driver and the driver's insurer until more than one year after the accident occurred. The plaintiff in *Zidan* argued that the claim had not prescribed because an insurer had misrepresented or concealed the fact that coverage existed, in violation of the penalty statute. Thus, the claim asserted was a third-party claim and not a claim by an insured against his own insurer. None of the cases cited by Evanston analyze the basis for the ruling in *Zidan* or use any reasoning to reach the conclusion that the one-year prescriptive period is equally applicable when an insured asserts a bad faith claim against its insurer. Instead, they simply rely upon the conclusion reached in *Zidan* and fail to cite any other Louisiana appellate court decisions that might be relevant.

> "The proper prescriptive period to be applied in any action depends upon the nature of the cause of action." It is logical that the claim by a third-party to an insurance contract against an insurer would be classified as a tort and subject to the one-year prescriptive period for delictual actions, but it is not logical that a first-party claim, that is, a claim by an insured against its insurer, would be classified as a delictual claim. A first-party claim arises out of the relationship created by the insurance contract and, therefore, is either contractual or quasi-contractual in nature. Indeed, Section 1973 "recognizes the jurisprudentially established duty of good faith and fair dealing owed to the insured, which is an outgrowth of the contractual and fiduciary relationship between the insured and the insurer." Both contractual and quasi-contractual claims are classified, under Louisiana law, as personal actions subject to a liberative prescription of ten years.

> Second, at least two Louisiana appellate court decisions have applied a ten-year prescriptive period to Section 1892 claims, one of which came out of the same circuit that decided the *Zidan* case. In *Cantrelle Fence & Supply Co. v. Allstate Ins. Co.*, 550 So.2d 1306, 1308 (La.App. 1 Cir.1989), *writ denied*, 559 So.2d 123 (La.1990), the court said: "Finding no other prescriptive period specifically established for La. R.S. 22:658 [now 22:1892] actions, we apply the prescriptive period of 10 years, established by La. C.C. art. 3499." Similarly, in *We Sell Used Cars, Inc. v. United Nat'l Ins. Co.*, [30,671 (La.App. 2 Cir. 6/24/98), 715 So.2d 656], the court held that an insured's claim for penalties and attorneys' fees under La. R.S. 22:658 [now 22:1892] was ten years. The Louisiana Supreme Court has stated that "[t]he conduct prohibited in LSA-R.S. 22:658(A)(1) [now 22:1892] is virtually identical to the conduct prohibited in LSA-R.S. 22:1220(b)(5) [now 22:1973]." Evanston has provided no justification for why virtually identical conduct should be subject to a one-year

11

prescriptive period under one penalty statute but subject to a ten-year prescriptive period under another penalty statute.

With these two critical distinctions in mind, the Court declines to follow the *Zidan* line of cases and concludes that a ten-year prescriptive period applies to Technical's Section 1973 bad faith claim against Evanston.

We agree with the reasoning of the court in *Aspen Specialty Insurance Co.*, that the facts in *Zidan* are distinguishable, as the plaintiff in that case was a third-party claimant and not a party to the contract of insurance at issue. Thus, it was appropriate in *Zidan* to apply the one-year prescriptive period. Likewise, we find the federal cases of *Ross v. Hanover Insurance Co.*, 09-3501 (E.D. La. 2009) and *Brown v. Protective Life Ins. Co.*, 353 F.Supp.2d 739 (E.D. La. 2004), unpersuasive because they too erroneously relied on *Zidan to* apply the one-year prescriptive period.

Similarly, we find our earlier reliance on *Labarre*, which held bad faith claims were subject to a one-year prescriptive period was also misplaced, and find the reasoning set forth in that case's dissenting opinion to be a more accurate application of the law.

Starr relies on *Manuel v. Louisiana Sheriff's Risk Management Fund*, 95-406 (La. 11/27/95), 664 So.2d 81, where the court addressed whether the source of the duty to avoid bad faith was the insurance contract or the statute. Starr argues the "bad faith statute 'establishes penalties for the commission of certain acts, none of which are covered in the contract.'" *Id*. at 84. Starr further argues the court in *Manuel* concluded "the subject matter of the statute is unrelated to that of the contract." *Id*.

Initially, we note *Manuel* did not address the issue of prescription, but rather addressed whether application of the provisions of the bad faith statute impaired the insurance contract. The court specifically found the application of La.R.S. 22:1220

12

[now La.R.S. 22:1973] "does not impair the contract." *Id.* Further, there may be instances where the duty the insurer allegedly violates is one based in tort, i.e., an abuse of the investigative process that violates a plaintiff's right to privacy, misrepresentations or undue influences to force the plaintiff to settle, something that goes beyond the four corners of the insurance contract. However, in this case the bad faith alleged was Starr's unconditional tender of only $45,000.00, a sum not even sufficient to cover Plaintiff's medical expenses. The obligation to insure Plaintiff from the harm suffered in the accident is an outgrowth of the contractual and fiduciary relationship of good faith required of the insurer in its dealings with its insured. This obligation clearly stems from the four corners of the insurance contract. As such, it is a duty imposed on the insurer based in contract. Moreover, as Plaintiff points out the Louisiana Supreme Court in *Sultana Corp. v. Jewelers Mutual Insurance Co.*, 03-0360, p. 8 (La. 12/3/03), 860 So.2d 1112, 1118, noted "the principle that an insurer's duty of fair dealing emanates from the contractual and fiduciary relationship between the insured and insurer. See *Manuel v. Louisiana Sheriff's Risk Management Fund*, 95-0406 (La. 11/27/95), 664 So.2d 81." The court relied on its previous decision in *Manuel* for the proposition that the duty of good faith derives from the contact of insurance.

The nature of the duty breached determines whether the action is in tort or in contract. *Roger v. Dufrene*, 613 So.2d 947 (La.1993). "The classical distinction between 'damages ex contractu' and 'damages ex delicto' is that the former flow from the breach of a special obligation contractually assumed by the obligor, whereas the latter flow from the violation of a general duty to all persons. *State v. Murphy Cormier Gen. Contractors, Inc.*, 15-111, p. 10 (La.App. 3 Cir. 6/3/15), 170 So.3d 370, 380-81, *writ denied*, 15-1297 (La. 9/25/15), 178 So.3d 573, (*citing Harrison v. Gore*, 27,254 (La.App. 2 Cir. 8/23/95), 660 So.2d 563, *writ denied*, 95-

13

2347 (La. 12/8/95), 664 So.2d 426).  In this case, Plaintiff's "bad faith" claims are derived from the obligations Starr assumed by nature of the insurance contract between the two parties--a duty the Louisiana Supreme Court stated "is an outgrowth of the contractual and fiduciary relationship between the insured and insurer." *Theriot*, 694 So.2d at 187.  Accordingly, the ten-year prescriptive period applies, and the trial court erred in dismissing Plaintiff's bad faith claims.

For the foregoing reasons, on rehearing we reverse our earlier ruling, affirming the trial court's judgment holding the one-year prescriptive set forth in La.Civ.Code art. 3492 is applicable to Plaintiff's bad faith claims.  We find the UM insurer's duty of good faith arises out of the contract of insurance between the two parties; and, thus, is subject to the ten-year prescriptive period of La.Civ.Code art. 3499.  Accordingly, the trial court's judgment finding Plaintiff's bad faith claims have prescribed is reversed and the case remanded for further proceedings.

**MOTION FOR REHEARING GRANTED; REVERSED AND REMANDED.**